UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASENO.09-60635-CIV-MORENO
MAGISTRATE JUDGE P.A. WHITE

LARRY JAMES BARBER,            :

    Plaintiff,            :            <u>PRELIMINARY REPORT</u>
                                               <u>OF MAGISTRATE JUDGE</u>
v.                              :

COMMANDER JOHN DOE FHP,
ET al.,                         :

    Defendants.           :
_____

## I. <u>Introduction</u>

The plaintiff Larry James Barber, currently housed at the Okeechobee Correctional Institution, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                  * * *

>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    \* \* \*
>
>    (B) the action or appeal –
>
>    \* \* \*
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11

Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review

the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

A. <u>Statement of Claims</u>

The plaintiff names as defendants John Doe, the Commander of the Florida Highway Patrol (FHP), Trooper Steven M. Vershel, Al Lamberti, the Sheriff of Broward County, Broward County Officers Angela Botero and Patricia Nanz, Robert Weisz, an automobile driver, Daniel A. Van Etten, a tow truck driver for Sunshine Towing, and Alex Ann Margaret Ramos, the owner, Eriberto Rivera, a tow truck driver for Vrochota Towing Company, and John Doe, the owner, along with three additional John Does; the President of United Auto Insurance, the President of Allstate Insurance and the President of MGS Insurance.

The plaintiff alleges that on May 25, 2007, he was in an automobile accident with Robert Weizs, resulting in injuries, with pain and suffering. He alleges that various tow truck drivers were guilty of several infractions, including negligence in leaving the car parked on the side of the road, failure to notify the company of the accident, failure to inform him of its intent to sell the vehicle and refusal to release the car on weekends and holidays in violation of state law. He further alleges that various law enforcement personnel were responsible for maliciously prosecuting him for Driving Under the Influence (DUI).

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

4

B.   Analysis

At the outset, a civil rights complaint must be against defendants acting under color of state law to deprive him of a constitutional right. 42 U.S.C.§1983. Polk v Dodson, 454 U,S. 312 (1981). Therefore Defendants Weizs, the automobile driver, and the various tow truck drivers and owners, Daniel A. Van Etten, Alex-Ann Margaret Ramos, Eriberto Rivera and John Doe, the owner of the Vrochota Towing company are private citizens and not subject to §1983 claims.[2] Also, the John Does named as President of United Auto Insurance, Allstate Insurance and MGS insurance do not act under color of state law, and should be dismissed from this lawsuit.

The plaintiff states in a conclusory fashion that John Doe, the Commander of the Florida Highway Patrol was responsible for the actions of Trooper Verschel. He gives no facts to support this claim. The Commander cannot be sued for liability merely for an improper or even unconstitutional act of his employees under a theory of respondeat superior. If a plaintiff sues a supervisor, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir.

---

[2]The plaintiff attempts to allege that the Vrochota Towing Company is a state agent. There is no support for this statement. Further, claims of negligence and state law violations are insufficient to state a claim under 42 U.S.C.§1983.

1986)(citing Monell, supra).  See also; Ashcroft v Iqbal, supra. (Heightened pleading standard for supervisory liability)

The plaintiff has not satisfied these requirements because he raises only unsupported and conclusory allegations of failure to supervise and failure to train, which is insufficient to state a constitutional claim.

This argument is also true for Sheriff Lamberti, the Broward County Sheriff, whom he claims is responsible for failing to train his officers in the use of breathalizers. There is no causal connection stated between Lamberti and the plaintiff's claim of malicious prosecution, and this defendant cannot be held liable under the theory of respondeat superior.

The gravamen of the plaintiff's complaint is that officers fabricated evidence against him to maliciously prosecute him for charges of driving under the influence.

To establish a §1983 claim for malicious prosecution, the plaintiff must prove both the elements required under state law for a common law tort of malicious prosecution, and violation of his Fourth Amendment right to be free from unreasonable seizures. Kingsland v. City of Miami, 382, F.3d 1220, 1234 (11 Cir. 2004); Wood v. Kesler, 323 F.3d 872, 881 (11th Cir.), cert. denied, 540 U.S. 879 (2003) (citing Uboh v. Reno, 141 F.3d 1000, 1002-04 (11 Cir. 1998); Whiting v. Traylor, 85 F.3d 581, 584-86 (11 Cir. 1996); and Kelly v. Curtis, 21 F.3d 1544, 1553-55 (11 Cir. 1994)). As for the elements of a tort under Florida law, the plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) institution of an original judicial proceeding

against the plaintiff; (2) the defendant was the legal cause of the original proceeding; (3) termination of the proceeding in favor of the accused/plaintiff; (4) absence of probable cause for the proceeding; (5) malice on the part of the defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. See Kingsland v. City of Miami, 382, F.3d 1220, 1234 (11 Cir. 2004) (citing Durkin v. Davis, 814 So.2d 1246, 1248 (Fla. 2 Dist. 2002)).

Barber alleges that Florida Highway Patrolman Steven M. Vershel failed to preserve exculpatory trial evidence, fabricated the official reports of the accident and criminal investigation to support a false arrest and maliciously prosecuted the plaintiff for driving under the influence. The plaintiff states that he was not under the influence of drugs or alcohol at the time of the accident, and on December 5, 2007, he was found not guilty of all DUI charges.

Barber further claims that Officer Angela Botero of the Broward County Sheriff's Officer failed to properly administer a video DUI examination on an approved instrument, and fabricated a report to manufacture probable cause. Upon her testimony at the November 29,2007 suppression hearing, the readings from the unapproved breath testing instrument were found to be unreliable and were suppressed by the Court.

The plaintiff alleges that Officer Nanz did not properly inspect the breath test instrument. She testified at the suppression hearing that she failed to include the new expiration date and approved the instrument for testing. He claims she knowingly and intentionally fabricated unreliable instruments readings and reported facts to manufacture probable cause.

Taking the plaintiff's complaint as stated, he has sufficiently pled a claim of malicious prosecution against Defendants Vershel, Botero and Nanz.

### III. Recommendation

Based on the foregoing, it is recommended as follows:

1. Defendants John Doe, Commander of the FHP, Al Lamberti, Broward County Sheriff, Robert Weisz, Daniel A, Van Etten, Alex Ann Margaret Ramos, Eriberto Rivera, John Doe, owner of Vrochota Towing, and John Doe Presidents of United Auto Insurance, Allstate Insurance and MGS Insurance be dismissed.

2. Claims for malicious prosecution remain pending against Trooper Vershel, and Officers Botero and Nanz.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated at Miami, Florida, this 16th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Larry Barber, Pro Se
    Okeechobee Correctional Institution
    Okeechobee, FL
    Address of record