```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE  NO.  09-60635-CIV-MORENO
                              MAGISTRATE JUDGE P.A. WHITE
```

LARRY JAMES BARBER,            :

       Plaintiff,      :        REPORT OF
                                  MAGISTRATE JUDGE
v.                             :

COMMANDER JOHN DOE FHP,
ET al.,                        :

       Defendants.     :
_____


I.  Introduction

The plaintiff Larry James Barber, currently housed at the Okeechobee Correctional Institution, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. (DE# 1). The plaintiff named as defendants Florida Highway Patrolman Steven M. Vershel and Broward County Officers Angela Botero and Patricia Nanz. (DE# 1).

The gravamen of the plaintiff's complaint is that on May 25, 2007, after he was in an automobile accident with an individual named Robert Weisz, officers fabricated evidence against him to maliciously prosecute him for charges of driving under the influence (DUI). (DE# 1).

Specifically, Barber alleged that Vershel failed to preserve exculpatory trial evidence, fabricated the official reports of the accident and criminal investigation to support a false arrest, and maliciously prosecuted the plaintiff for driving under the influence. The plaintiff stated that he was not under the influence of drugs or alcohol at the time of the accident, and on December 5, 2007, he was found not guilty of all DUI charges. (DE# 1).

Barber further claimed that Officer Botero failed to properly administer a video DUI examination on an approved instrument, and

fabricated a report to manufacture probable cause. Upon her testimony at the November 29,2007 suppression hearing, the readings from the unapproved breath testing instrument were found to be unreliable and were suppressed by the Court. (DE# 1).

The plaintiff alleged that Officer Nanz did not properly inspect the breath test instrument. She testified at the suppression hearing that she failed to include the new expiration date and approved the instrument for testing. He claimed she knowingly and intentionally fabricated unreliable instruments readings and reported facts to manufacture probable cause. (DE# 1).

In a Preliminary Report, the Undersigned recommended that the malicious prosecution claims proceed against defendants Vershel, Botero, and Nanz. (DE# 16). The District Court adopted this recommendation in a subsequent order. (DE# 25).

Barber filed a motion for summary judgment against Vershel (DE# 41) and against Botero and Nanz (DE# 42). Barber attached documents in support of his motions. (DE# 41, 42). Vershel filed a response in opposition to Barber's motion, with supporting exhibits attached. (DE# 51). Botero and Nanz filed a response in opposition to Barber's motion (DE# 52) and a statement of material facts in opposition to Barber's motion (DE# 53).[1] Barber filed a reply to each response. (DE# 54, 55).

## II. Analysis

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[1] In the body of Botero's and Nanz's response, they assert that a summary judgment in their favor is appropriate, however, the defendants did not caption the response as a motion for summary judgment. As a result, an Order instructing pro se plaintiff concerning response to motion for summary judgment was not issued. Accordingly, the Undersigned will limit its ruling to whether summary judgment in the plaintiff's favor is appropriate. Of course, the defendants are entitled to move for summary judgment if the plaintiff's pending motion is denied and the claim against Nanz and Botero remains pending.

2

material fact, and that the moving party is entitled to judgment as a matter of law."

In Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), the Supreme Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  (citations omitted)

Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir. 1987). If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992).  "A mere 'scintilla' of evidence supporting the

opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson, 477 U.S. 242).

### B. Malicious Prosecution

To establish a §1983 claim for malicious prosecution, the plaintiff must prove both the elements required under state law for a common law tort of malicious prosecution, and violation of his Fourth Amendment right to be free from unreasonable seizures. <u>Kingsland v. City of Miami</u>, 382, F.3d 1220, 1234 (11 Cir. 2004); <u>Wood v. Kesler</u>, 323 F.3d 872, 881 (11th Cir.), <u>cert. denied</u>, 540 U.S. 879 (2003) (citing <u>Uboh v. Reno,</u> 141 F.3d 1000, 1002-04 (11 Cir. 1998); <u>Whiting v. Traylor</u>, 85 F.3d 581, 584-86 (11 Cir. 1996); and <u>Kelly v. Curtis</u>, 21 F.3d 1544, 1553-55 (11 Cir. 1994)). As for the elements of a tort under Florida law, the plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) institution of an original judicial proceeding against the plaintiff; (2) the defendant was the legal cause of the original proceeding; (3) termination of the proceeding in favor of the accused/plaintiff; (4) absence of probable cause for the proceeding; (5) malice on the part of the defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. See <u>Kingsland v. City of Miami</u>, 382, F.3d 1220, 1234 (11 Cir. 2004) (citing <u>Durkin v. Davis</u>, 814 So.2d 1246, 1248 (Fla. 2 Dist. 2002)).

<u>Defendant Vershel</u>

Vershel attaches an affidavit to his response to Barber's summary judgment motion. (DE# 51-1). In the affidavit, Vershel states that when he first spoke with Barber, as he sat behind the wheel of his car immediately following a car accident, Vershel "smelled a strong odor of unknown alcoholic beverage emitting from the plaintiff's breath and person." Vershel further states that Barber had difficultly exiting his vehicle, and had bloodshot, watery eyes. Barber performed poorly during several roadside sobriety

4

exercises.  Shortly thereafter, BAT Technician Botero attempted to administer a breath-alcohol test, but Barber was unable to register a proper volume of 210 liters of breath.  The "results, although low in volume, were . . . well over the legal limit."  In light of the foregoing, Vershel explains that he arrested Barber for DUI. (DE# 51-1).

Barber asserts that Vershel lacked probable cause to arrest him for driving under the influence.  Barber denies that there was an odor of alcohol on his person or in his car when he first came in contact with Vershel.  (DE# 41).  Barber explains in his motion that Vershel fabricated probable cause to support the arrest. Barber claims that his behavior can be explained by the fact that he was traumatized by the recent accident and was not due to alcohol consumption.  (DE# 41).

Probable cause for the proceeding is a material fact in a malicious prosecution claim.  Here, this fact is clearly in dispute.  Each party has presented a different version of events. An attempt to resolve at summary judgment a material fact in dispute would require the Court to step outside its assigned role, and invade the province of the jury.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)("Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.  The evidence of the non-movant is to believed, and all justifiable inferences are to be drawn in his favor.").

Due to the existence of a genuine issue of material fact, summary disposition of the §1983 claim in Barber's favor and against Vershel is not appropriate.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

<u>Defendants Botero and Nanz</u>

Botero attaches a transcript of testimony he presented during a suppression hearing conducted prior to Barber's criminal trial. (DE# 53-4).  During the hearing, Botero stated that he attempted to administer the breath alcohol test, but Barber would not and/or

5

refused to blow in the Intoxilyzer properly which resulted in "volume not met" results. (DE# 53-4, p. 18-19, 33). Botero characterized Barber's action as a refusal to take the test. (DE# 53-4, p. 19). Nanz testified that she inspected the Intoxilyzer on May 11, 2007 and found it to be in compliance, as it contained a new dry gas cylinder with an expiration date of November 20, 2008. (DE# 53-4, p. 150-55). After the incident involving Barber, Nanz again examined the machine and again found it to be in compliance. (DE# 53-4, p. 53). In light of the foregoing, the defendants assert that they did not fabricate evidence to provide probable cause for the criminal DUI proceedings.

Barber counters that Botero failed to use an approved lawful instrument when administering the breathalyzer test and that Botero fabricated a report to manufacture probable cause. He further states that Nanz and Botero generated false findings to validate Vershel's decision to arrest Barber for DUI. (DE# 42, 55). In his reply to Nanz's and Botero's response, Barber disputes that he appeared intoxicated or admitted that he had been driking, as is stated in the DUI/Alcohol Influence Report completed by Botero on the night in question and attached to the response. (DE# 55).

Probable cause for the proceeding is a material fact in a malicious prosecution claim. In this case, this fact is clearly in dispute. Each party has presented a different version of events. Thus, an attempt to resolve at summary judgment a material fact in dispute would require the Court to step outside its assigned role, and invade the province of the jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)("Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to believed, and all justifiable inferences are to be drawn in his favor.").

Due to the existence of a genuine issue of material fact, summary disposition of the §1983 claim in Barber's favor and against Nanz and Botero is not appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

### C. Pending Motions

Botero and Nanz moved for an extension of time to file their response in opposition to Barber's motion for summary judgment. (DE# 49). Before this Court ruled on the motion, the defendants filed their response. (DE# 52). Accordingly, this motion should be denied as moot.

Also pending is Barber's request for entry of default judgment/writ of garnishment against Vershel.[2] (DE# 56). Barber attaches an affidavit as to military service (DE# 57) wherein he states that he "make[s] this affidavit pursuant to the requirement of the Soldiers and Sailors Civil Relief Act, 50 U.S.C. Appendix §520." Barber claims a default judgment is appropriate against Vershel because Barber "is convinced that . . . Vershel . . . is not in the military service of the United States."

50 App. U.S.C.A. §520 was omitted and replaced by 50 App. U.S.C.A. §521. The latter statute concerns "Protection of service members against default judgments." While members of the military are provided certain protections against default judgments under this provision, it does not follow that a default judgment is automatically appropriate against a non-military defendant. The fact that Vershel is not in the military, without more, is insufficient to support the entry of a default judgment against him. Accordingly, Barber's motion should be denied.[3]

### III. Recommendation

Based on the foregoing, it is recommended as follows:

---

[2] Barber also requests a default against the owner of Vrochota Towing, a defendant dismissed from these proceedings in the District Court's order adopting the Preliminary Report.

[3] Barber previously requested a default judgment against Botero and Nanz, pursuant to 50 App. U.S.C.A. §520, because neither defendant was in the military. (DE# 34, 36-37). This Court denied Barber's motion. (DE# 45).

1. Barber's motion for summary judgment (DE# 41) against Vershel be denied.

2. Barber's motion for summary judgment (DE# 42) against Botero and Nanz be denied.

3. Nanz's and Botero's motion for extension of time (DE# 49) be denied as moot.

4. Barber's motion for a default judgment against Vershel (DE# 56) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 1st day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Larry Barber, Pro Se
    DC #047957
    Okeechobee Correctional Institution
    3420 N.E. 168th Street
    Okeechobee, FL 34972

    Kiernan P. Moylan
    Attorney General Office
    Civil Litigation Division
    110 SE 6th Street, 10th Floor
    Fort Lauderdale, FL 33301-5000

    Alain E. Boileau
    Adorno & Yoss LLP
    888 SE 3rd Avenue, Suite 500
    Fort Lauderdale, FL 33316

8